# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 09-068V
Filed: June 16, 2015
Not to be Published

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                              *
THOMAS J. CANNY and JULIA CANNY,              *
parents and natural guardians                 *
of CC, a minor,                               *
                                              *
              Petitioners,                    *
                                              *    Autism; Petitioners' Motion for a
                                              *    Decision Dismissing the Petition;
       v.                                     *    Insufficient Proof of Causation; Vaccine
                                              *    Act Entitlement; Denial Without Hearing
SECRETARY OF HEALTH AND                       *
HUMAN SERVICES,                               *
                                              *
              Respondent.                     *
                                              *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Robert J. Krakow*, Law Office of Robert J. Krakow, P.C., New York, NY, for Petitioners.
*Traci R. Patton*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION [1]

On February 5, 2009, Petitioners filed a Petition for Vaccine Compensation in the National Vaccine Injury Compensation Program ("the Program"),[2] alleging that various vaccinations injured CC. The information in the record, however, does not show entitlement to an award under the Program.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

On June 12, 2015, Petitioners moved for a decision dismissing their petition, acknowledging "that they will be unable to prove that they are entitled to compensation in the Vaccine Injury Compensation Program." (Pet'rs' Mot. Dismissing Pet. 1.)

To receive compensation under the Program, Petitioners must prove either 1) that CC suffered a "Table Injury" – *i.e.,* an injury falling within the Vaccine Injury Table – corresponding to one of CC's vaccinations, or 2) that CC suffered an injury that was actually caused by a vaccine. *See* §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). An examination of the record did not uncover any evidence that CC suffered a "Table Injury." Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that CC's injury was vaccine-caused.

Under the Act, Petitioners may not be given a Program award based solely on the Petitioners' claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1). In this case, because there are insufficient medical records supporting Petitioners' claim, a medical opinion must be offered in support. Petitioners, however, have offered no such opinion.

Accordingly, it is clear from the record in this case that Petitioners have failed to demonstrate either that CC suffered a "Table Injury" or that CC's injuries were "actually caused" by a vaccination. **Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

s/George L. Hastings, Jr.
George L. Hastings, Jr.
Special Master